J. T. SUMMERS ET AL *v.* DON HOOK ET AL

5-4321                                          419 S. W. 2d 810

Opinion delivered October 30, 1967

*Howell, Price & Worsham,* for appellants.

*Henry Spitzberg, W. S. Miller* and *DeMatt Henderson,* for appellees.

J. Fred Jones, Justice. This is an appeal from a decree of the Pulaski County Chancery Court, Third Division, dismissing a complaint filed by the appellants to void a resolution adopted by the Arkansas Baptist State Convention. Arkansas Baptist State Convention and Arkansas Baptist Medical Center, formerly Baptist State Hospital, are separate corporate entities. It was the intent of the resolution complained of to release from control of the Convention the trusteeship of the Arkansas Baptist Medical Center, and to sever all connections between the Convention and the Center. The complaint alleges that the resolution violated Article VII of the Constitution of the Convention and was void. The complainants also sought to enjoin the officers of both corporations from acting under the resolution.

The chancellor, in the trial of the case, was called on to interpret Article VII of the Constitution of the Convention, and to determine whether or not the resolution was legally effective under the Constitution. We try chancery cases *de novo* from the record on appeal, but affirm the chancellor's findings if not clearly against the preponderance of the evidence and we find no abuse of the chancellor's discretion.

The plaintiffs in the chancery action and appellants

here, are pastors of Baptist Churches and are members of, or messengers to, the Arkansas Baptist State Convention. Some of the defendants in the chancery action, and appellees here, are officers and directors of the Arkansas Baptist State Convention, and some are officers and directors of the Arkansas Baptist Medical Center.

Article VII of the Convention's Constitution provides as follows:

"The Convention shall elect trustees to manage and to operate its colleges, hospitals, orphanages and any other institutions it may possess, as follows: Section 1. Ouachita Baptist University, 24; Arkansas Baptist Medical Center, 18; Arkansas Baptist Home for Children, 18; Baptist Memorial Hospital, 9."

On November 7, 1966, the Convention, in regular business session, adopted by *majority vote* the resolution complained of, containing the following provision:

"I That Baptist State Convention of Arkansas hereby does declare that Arkansas Baptist Medical Center henceforth is, and forever shall be, a body corporate independent of this Convention, solely under the control of its Board of Trustees and membership, fully discharged of responsibility to or control of this Convention."

Appellants contend that the chancellor erred in dismissing their complaint, and on appeal to this court rely on one point as follows:

"The resolution passed by the Arkansas Baptist State Convention on November 7, 1966, which would terminate the Convention's right to direct the trusteeship of the Arkansas Baptist Medical Center is void in that it conflicts with Article VII of the Constitution of the Arkansas Baptist State Conven-

tion, said Article VII not being amended by the resolution."

Appellants earnestly contended in the trial court, and still contend here, that the resolution complained of was in violation of Article VII of the Convention, and that the resolution could not be legally effective without amending the Constitution; that the resolution, as adopted, did in effect attempt to amend the Constitution; that it was adopted by a mere majority vote and that under Article X of the Constitution it can only be amended by "two-thirds of the members voting concurring in the measure."

On the other hand the appellees contend that Article VII only applies to hospitals and other institutions actually *owned* and operated by the Convention; that Arkansas Baptist Medical Center is a separate corporate entity owning its own property and conducting its own corporate affairs, completely divorced from any *legal right* of control or interference in its affairs by the Convention; that the resolution was not in violation of Article VII, did not require an amendment to the Constitution to be binding, and the vote by which it was adopted only required a majority vote as any other business resolution, and not a two-thirds vote as required to amend the Constitution.

It is true that Section I of Article VII of the Constitution of the Convention lists Arkansas Baptist Medical Center among *its* institutions *possessed* by it. As we see it, the validity of the vote by which the resolution was adopted turns on the fact question of whether or not the Arkansas Baptist Medical Center was the Convention's hospital or institution possessed by the Convention. In arriving at an answer to this question, it is necessary to trace some of the history of the hospital as related to the Convention.

By a resolution adopted in 1919, the Convention resolved to immediately undertake the launching and

putting into operation a modern hospital. This resolution provided for the appointment of a seven member Hospital Commission to carry out the will of the Convention in launching and putting into operation the hospital and provided that the Hospital Commission:

"... be empowered with authority to take out charter, and take all necessary steps incident to establishing this hospital work; and that the State Board be instructed to cooperate with the *Special Hospital Commission* in financing and otherwise carrying out the will of the Convention." (Emphasis ours.)

The following year, in 1920, another resolution was adopted by the Convention under which the membership on the Hospital Commission was raised from seven to nine members, and this resolution provided:

"... all nine of such members shall be elected at this session; that three of such members shall serve for one year, three for two years, and three for three years. 'That five members of said Commission shall be from Little Rock, Arkansas, and at least one shall be appointed from each locality where the Commission may have a hospital.'"

In January 1921, nine individuals executed articles of incorporation for a corporation named "Baptist State Hospital," the fifth, sixth and seventh articles being as follows:

"FIFTH—The affairs and business of the corporation shall be conducted and controlled by a Commission or Board of Directors consisting of nine members. Said Commission or Board of Directors shall elect one of its members as President, and one of its members as Vice-President, and shall also elect from its members a secretary and treasurer.

"SIXTH—The *corporators* shall be and constitute

the Commission or Board of Directors, and shall serve during their term of office for which they *were* appointed by the Arkansas Baptist State Convention.

"SEVENTH—The. Commission or Board of Directors are empowered to ordain and establish all by-laws and regulations necessary to the management and business of said corporation, and alter and repeal the same at pleasure." (Emphasis ours.)

In 1937, under authority of resolutions adopted by the Convention and in consideration of the payment by the hospital of $150,000.00, or so much thereof as necessary to liquidate the indebtedness of the Convention, and especially the bonded indebtedness, the Executive Board of the Convention executed and delivered to the Hospital a warranty deed transferring all of Block 4, Centennial Addition of Little Rock, to Baptist State Hospital and its successors and assigns forever. Following this transaction there is nothing further in the record, except testimony hereinafter referred to, showing any connection at all between the Baptist State Convention and the Hospital or Medical Center.

The record does show, however, that in 1948, and again in 1965, Baptist State Hospital, by resolution of its own Board of Trustees, amended its own charter and articles of association, and by appropriate court orders changed its corporate name, finally becoming "Arkansas Baptist Medical Center."

After the execution and delivery of the deed from the Convention to the Hospital in 1937, the Hospital acquired other real estate by purchase from various individuals, taking title by deed from the various grantors to the Hospital in its own corporate name as a non-profit corporation, and to its successors and assigns forever. There is nothing in the record to indicate that the Convention has ever owned or claimed legal title in any of the properties owned or used by the hospital

since the Convention sold and transferred to the Hospital all of Block 4, Centennial Addition, in 1937. It is rather clear under the seventh article of the Hospital Articles of Incorporation, that it was intended that the Commission or Board of Directors of the Hospital Corporation was to manage and conduct the business of that corporation.

The Convention has been contributing from $75,000.00 to $100,000.00 annually to the operating expenses of the Medical Center and from the testimony at the trial before the chancellor, it would appear that the Convention has continued to name trustees for the Hospital Corporation from its inception, and has from time to time adopted resolutions authorizing the Hospital Corporation to borrow money and purchase land. Apparently this procedure was continued under the Fifth Article of the incorporation in which it was provided that "the *corporators* shall be and constitute the Commission or Board of Directors, and shall serve during their terms of office for which they were appointed by the Arkansas Baptist State Convention."

The appointments of the *corporators* as Commissioners or a Board of Directors under this Fifth Article was made some forty-six years ago and, of course, the terms of office for which they were appointed have long since expired. The Baptist State Hospital Corporation came into existence full grown, with all the incidental rights to sue and be sued, ordain and establish its own by-laws and regulations necessary to the management of its own business, and to alter and repeal the same at pleasure. The Hospital Corporation has twice amended its own articles of incorporation.

If the Convention has continued to name directors to fill vacancies on the Hospital Board of Directors, and has exercised any control over the Hospital Corporation's Board of Directors in the conduct of the affairs of that corporation, we are of the opinion that such control has been exercised by the Convention un-

der a right by sufferance rather than under any legal right reserved or granted in the articles of incorporation, and that the decree of the chancellor is not against the preponderance of the evidence in this case and should be affirmed.

Affirmed.

HARRIS, C. J., not participating.